**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GABRIELLE OBER, on behalf**
**of herself and others similarly situated,**

        **Plaintiff,**　　　　　　**Case No.:**

**v.**

**HEALTHCARE NATIONAL**
**MARKETING, INC., and**
**SMILEFAITH, INC.**

        **Defendants.**
_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GABRIELLE OBER, on behalf of herself and others similarly situated, hereby sues Defendants, HEALTHCARE NATIONAL MARKETING, INC. and SMILEFAITH, INC. and states as follows:

**INTRODUCTION**

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff and others similarly situated, Florida's Private Whistleblower's Statute, *Fla. Stat*. § 448.101-105, and the Florida Deceptive and Unfair Trade Practices Act, *Fla. Stat.* § 501.201 *et seq*.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue lies within the United States District Court for the Middle District of

Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, GABRIELLE OBER, is an adult and a resident of Pasco County, Florida.

4. Defendant, HEALTHCARE NATIONAL MARKETING, INC., is a Florida Profit Corporation authorized and doing business in this Judicial District.

5. Defendant, SMILEFAITH, INC, is a Florida Not for Profit Corporation authorized and doing business in this Judicial District.

6. Defendants are an integrated enterprise/single employer or joint employer. For example, Defendants share the same corporate officers and have connected offices. Moreover, Sales employees at Healthcare National Marketing, Inc. are required to follow a verification script before processing payment that includes a $1.00 donation that is automatically included in the premium that goes to the Smile Faith Foundation/SmileFaith, Inc.

## FACTUAL ALLEGATIONS

7. Defendants operate a telemarketing business that sells discount dental insurance in all 50 states. Despite its telemarketing/insurance sales operation, Defendants do not require its sales employees to have telemarketing licenses or insurance licenses. Additionally, Defendants' employees are routinely required to call American citizens who are on the National Do Not Call Registry.

8. On or about August 13, 2018, Plaintiff began her employment with Defendants as a Sales Representative. Plaintiff was later promoted to Team Leader, but subsequently returned to her role as Sales Representative.

9. Until the end of Plaintiff's employment with Defendants, Plaintiff was treated by Defendant as a W-2 employee.

10. Plaintiff and other Sales Representatives are required work a specific schedule, have quotas, utilize Defendants' systems and strictly adhere to scripts during calls with potential customers.

11. Defendants required Plaintiff and other Sales Representatives to attend a daily mandatory meeting at 8:50 a.m., ten minutes before the start of their shift. However, Defendants did not compensate Plaintiff and other Sales Representatives for the time worked.

12. Similarly, Defendants required Plaintiff and other Sales Representatives to attend "Re-training" twice per week at 8:20 a.m. for 40 minutes until the beginning of their 9:00 a.m. shift. However, Defendants did not compensate Plaintiff and other Sales Representatives for the time worked.

13. Plaintiff and other Sales Representatives were routinely required to work following the conclusion of their scheduled shifts in order to finish closing deals. However, Defendants did not compensate Plaintiff and other Sales Representatives for the time worked.

14. On or about July 22, 2020, Plaintiff and other Sales Representatives were informed via email by Sarah Colbert (Director/General Sales Manager) that they would be switched from W-2 employees to independent contractors.

15. On or about July 24, 2020, Colbert held a video conference to explain to its Plaintiff and other employees the rationale for switching them from employees to independent contractors. Colbert told Plaintiff and its employees that it would be a "benefit" to them because they would not have to pay taxes, would get cheaper health insurance, would not have to "worry" about overtime, and would not have deductions taken from their paychecks for clothes and work supplies. The employees were also told that they would be forfeiting their accrued PTO upon the switch to independent contractors.

16. However, Defendants confirmed that nothing else would change in terms of scripts, quotas, mandatory meetings, and work schedules.

17. Plaintiff and other Sales Representatives were pressured to sign the independent contractor agreement without time to consider, despite the change not taking effect until August 1, 2020.

18. On or about July 28, 2020, Colbert sent Plaintiff a message stating that she needed to know whether Plaintiff was going to sign the independent contractor agreement. Colbert told Plaintiff that it would be her last week working for Defendants if she did not sign the agreement. Plaintiff asked if she could provide her response the following day and Colbert instructed Plaintiff to clock out and cease working if she could not provide an answer. Thereafter, Colbert locked Plaintiff out of the system.

19. Plaintiff worked an average of approximately four (4) to five (5) hours per work week; however, Plaintiff was not compensated at a rate of time and one-half her regular rate of pay for all hours worked over forty (40) in a work week.

20. Plaintiff, and all others similarly situated, performed work for Defendants in excess of forty (40) hours per work week, for which Defendants knew or should have known.

21. At all times material, Plaintiff, and all other similarly situated, were regularly required to work in excess of the maximum hours allowed by law (overtime hours). However, Defendants failed to keep accurate time records reflecting the hours worked by Plaintiff and others similarly situated.

22. Plaintiff, and all others similarly situated, were/are not exempt from the overtime provisions of the FLSA. Therefore, Plaintiff, and all others similarly situated, are entitled to overtime compensation for all overtime hours worked under the FLSA.

23. Defendants' violations of the FLSA were/are knowing, willful, and in reckless disregard of the rights of Plaintiff, and all others similarly situated.

24. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay her legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

25. Plaintiff, GABRIELLE OBER, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

26. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

27. Defendants are enterprises engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that they (a) have employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce, and (b) have an annual gross volume of sales made or business done that is not less than $500,000.00.

28. Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of his job with Defendants. 29 U.S.C. §207(a)(1).

29. Throughout her employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

30. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

31. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

32. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et seq.,* including 29 U.S.C. § 207.

33. Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

34. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

35. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

36. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants, including, but not limited to:

    a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding prejudgment interest;

    d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Determining that the FLSA was violated and an adjudication on the merits of the case;

    f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT - COLLECTIVE ACTION

38. Plaintiff, GABRIELLE OBER, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

39. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of herself and all others similarly-situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

40. At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly- situated to Plaintiff worked for Defendants in excess of the maximum hours allowed by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked.

41. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants in the position of Sales Representative, or similar positions during the applicable statute of limitations, who have not been compensated at one and one-half times their regular rate of pay for all overtime hours worked, and for Defendants' failure to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each workweek.

42. The putative class members are current, former, and future Sales Representatives of Defendants who worked in excess of forty hours in at least one work week during the past three (3) years.

43. Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their compensation as employees of Defendants. Specifically, Defendants suffered or permitted Plaintiff and others similarly situated to perform work off-the-clock but failed to compensate Plaintiff and others similarly situated for all hours worked.

44. The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

45. Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

46. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests all legal and equitable relief allowed by law including, but not limited to:

(a) Designation of this action as a collective action on behalf of Plaintiff and all others similarly situated;

(b) Judgment against Defendants for overtime compensation, liquidated damages, and prejudgment interest;

(c) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(d) An adjudication on the merits of the case; and

(e) Such other relief as the court may deem just and proper.

## COUNT III
## FLORIDA'S PRIVATE WHISTLEBLOWER'S ACT

47. Plaintiff, GABRIELLE OBER, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

48. This is an action for damages pursuant to Florida's Private Whistleblower's Act ("FWA"), §§ 448.101-105, *Florida Statutes*.

49. Plaintiff was an employee of Defendants under the FWA because Plaintiff performed services for and under the control and direction of Defendants for wages or other remuneration.

50. Defendants were Plaintiff's employer under the FWA because Defendants are a private individual, firm, partnership, institution, corporation, or association that employs ten (10) or more persons.

51. Defendants took a prohibited retaliatory personnel action against Plaintiff, in violation of §448.102(3), *Florida Statutes*, because Plaintiff objected to, or refused to participate in, an activity, policy, or practice of Defendants which is in violation of a law, rule, or regulation or that Plaintiff had an honest, good-faith belief was in violation of a law, rule, or regulation. Specifically, Plaintiff objected to and/or refused to participate in violations of federal and Florida law, including, but not limited to: 26 U.S.C. § 7434, 29 U.S.C. §201, *et seq.*, *Fla. Stat.* § 501.201 *et seq.* and, as a result, was terminated from her employment.

52. As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages including, but not limited to: lost wages, benefits, and other remuneration, emotional pain and suffering and other compensatory damages and is requesting all available relief to which Plaintiff is entitled as set forth in the WHEREFORE clause below.

53. As a result of Defendants' unlawful acts, Plaintiff has and will continue to incur attorneys' fees, which are recoverable under Section 448.104, *Florida Statutes*.

WHEREFORE, Plaintiff demands judgment against Defendants and prays for the following relief:

    a. Injunction to restrain continued violations of the Act;

    b.    Reinstatement to the same or an equivalent position;

    c.    Reinstatement of fringe benefits and seniority rights;

    d.    Lost wages;

    e.    Lost benefits;

    f.    Other remuneration;

    g.    Attorneys' fees and costs; and

    h.    Any other compensatory damages allowable at law.

### COUNT IV
### BREACH OF CONTRACT- UNPAID WAGES

54. Plaintiff, GABRIELLE OBER, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

55. Plaintiff was employed by Defendants from approximately August 13, 2018 to July 28, 2020. Defendant agreed to pay Plaintiff for all hours worked.

56. Plaintiff is entitled to all wages earned during her employment, which are owed and payable by Defendants.

57. Defendants have failed and refused to make payment as required by the parties' agreement.

58. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Florida Statute §448.08.

WHEREFORE, Plaintiff prays for judgment against the Defendants and for damages as follows:

    a.    Payment of earned unpaid wages;

    b.    Pre-judgment interest;

  c. Post-judgment interest;

  d. Attorney's fees and costs; and

  e. For such other relief as the Court deems equitable

## DEMAND FOR JURY TRIAL

59. Plaintiff, GABRIELLE OBER, demands a trial by jury.

Dated this 7th day of October, 2020.

    **FLORIN GRAY BOUZAS OWENS, LLC**

    */s/ Gregory A. Owens*_____
    **GREGORY A. OWENS, ESQUIRE**
    Florida Bar No.: 51366
    greg@fgbolaw.com
    **WOLFGANG M. FLORIN, ESQUIRE**
    Florida Bar No.: 907804
    wolfgang@fgbolaw.com
    16524 Pointe Village Drive
    Suite 100
    Lutz, Florida 33558
    (727) 254-5255
    (727) 483-7942 (fax)
    *Trial Attorneys for Plaintiff*